| | |
|---|---|
| 1 | SCOTT N. SCHOOLS (SCSBN 9990) |
|   | United States Attorney |
| 2 | THOMAS MOORE (ASBN 4305-O78T) |
|   | Assistant United States Attorney |
| 3 | Acting Chief, Tax Division |
|   | Assistant United States Attorney |
| 4 | CYNTHIA L. STIER (DCBN 423256) |
|   | Assistant United States Attorney |
| 5 | 9th Floor Federal Building |
|   | 450 Golden Gate Avenue, Box 36055 |
| 6 | San Francisco, California 94102 |
|   | Telephone:  (415) 436-7000 |
| 7 | cynthia.stier@usdoj.gov |
|   | Attorneys for the United States of America |

ORIGINAL FILED

AUG 2 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEJ

MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. as nominee for GMAC Mortgage, LLC formerly known as GMAC Mortgage Corporation,

Plaintiff,

v.

STACEY REINECCIUS, ELAINE DIANE STATHAKIS, EMPLOYMENT DEVELOPMENT DEPARTMENT - STATE OF CALIFORNIA, DEPARTMENT OF TREASURY - INTERNAL REVENUE SERVICE, and DOES 1 through 50, inclusive,

Defendants.

Case No. C 07 4290

PETITION FOR
REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1441 and 1444, et seq., the undersigned hereby presents the following facts to the Judges of the United States District Court for the Northern District of California on behalf of the United States of America.

1. A Complaint for Declaratory Relief, Equitable Subrogation, Judicial Foreclosure of Deeds of Trust and Equitable Lien was filed on May 11, 2007, in the Superior Court of the State of California in and for the County San Francisco, numbered CGC 07-463335 and bearing the above caption.

2. A copy of the above mentioned Complaint was served on the United States

PETITION FOR REMOVAL OF CIVIL ACTION
MORTAGE ELECTRONIC REGISTRATION SYSTEM, INC. v. STACEY REINECCIUS, ET AL.
CASE NO. CGC 07-463335

1  Attorney for the Northern District of California on August 10, 2007 and is attached and marked
2  as <u>Exhibit A</u> to this Petition.
3        3.      The aforesaid Complaint is one which may properly be removed to this Court
4  pursuant to 28 U.S.C. §§ 1441(a) and 1444 of Title 28, United States Code, which provide, in
5  pertinent part:

> § 1441. Actions removable generally
>
> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> § 1444
>
> Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending.

    4. This petition is filed within the time prescribed by § 1446(b) of Title 28 United States Code.

    **WHEREFORE**, the undersigned petitions this Court on behalf of the United States, that the Complaint described in paragraph 1 above be removed to this Court for all further proceedings.

                                     Respectfully submitted,

                                     SCOTT N. SCHOOLS
                                   United States Attorney

Dated: August 21, 2007

                                   CYNTHIA L. STIER
                                   Assistant United States Attorney
                                   Tax Division

PETITION FOR REMOVAL OF CIVIL ACTION
MORTAGE ELECTRONIC REGISTRATION SYSTEM, INC. v. STACEY REINECCIUS, ET AL.
CASE NO. CGC 07-463335

# EXHIBIT A

Case 3:07-cv-04290-MHP  Document 1  Filed 08/21/2007  Page 3 of 19

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STACEY REINECCIUS, ELAINE DIANE STATHAKIS, EMPLOYMENT DEVELOPMENT DEPARTMENT - STATE OF CALIFORNIA, DEPARTMENT OF TREASURY - INTERNAL REVENUE SERVICE, and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. as nominee for GMAC Mortgage, LLC formerly known as GMAC Mortgage Corporation,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

SERVED ON Maryan Beres
USAO, SAN FRANCISCO
MANNER OF SERVICE: 8/10/07 2:40pm
✓ PERSONAL ____ CERT. MAIL

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street, Rm. 103
San Francisco, CA 94102

CASE NUMBER: CGC-07-463335

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey H. Lowenthal (Bar #111763)                                                    (415) 421-3400
STEYER LOWENTHAL BOODROOKAS, ALVAREZ & SMITH LLP     (415) 421-2234
One California Street, Third Floor, San Francisco, California 94111

DATE: MAY 11 2007                 Clerk, by P. NATT , Deputy
*(Fecha)*            Gordon Park-Li    *(Secretario)*        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Department of Treasury - Internal Revenue Service
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Business Entity Form Unknown
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| 1 | JEFFREY H. LOWENTHAL (State Bar No.111763)<br>EDWARD EGAN SMITH (State Bar No.169792) |
| 2 | SIMON R. GOODFELLOW (State Bar No. 246085)<br>STEYER LOWENTHAL BOODROOKAS |
| 3 |  ALVAREZ & SMITH LLP<br>One California Street, Third Floor |
| 4 | San Francisco, California 94111<br>Telephone: (415) 421-3400 |
| 5 | Facsimile: (415) 421-2234 |

**ENDORSED**
**FILED**
San Francisco County Superior Court

MAY 1 1 2007

GORDON PARK-LI, Clerk
BY: ___PARAM NATT___
                            Deputy Clerk

6  Attorneys for Plaintiff Mortgage Electronic
   Registration System, Inc. as nominee for GMAC
7  Mortgage, LLC formerly known as GMAC
   Mortgage Corporation
8

9
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                        COUNTY OF SAN FRANCISCO
11
                           UNLIMITED JURISDICTION
12

13

| | |
|---|---|
| MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEM, INC. as<br>nominee for GMAC Mortgage, LLC<br>formerly known as GMAC Mortgage<br>Corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>STACEY REINECCIUS, ELAINE DIANE<br>STATHAKIS, EMPLOYMENT<br>DEVELOPMENT DEPARTMENT -<br>STATE OF CALIFORNIA,<br>DEPARTMENT OF TREASURY -<br>INTERNAL REVENUE SERVICE, and<br>DOES 1 through 50, inclusive,<br><br>            Defendants. | CASE NO. CGC-07-463335<br><br>COMPLAINT FOR:<br><br>1. DECLARATORY RELIEF;<br>2. EQUITABLE SUBROGATION;<br>3. JUDICIAL FORECLOSURE OF<br>   DEEDS OF TRUST; AND<br>4. JUDICIAL FORECLOSURE OF<br>   EQUITABLE LIEN<br><br><br>CASE MANAGEMENT CONFERENCE SET<br><br>OCT 1 2 2007 -9:00 AM<br><br>DEPARTMENT 212 |

DECLARATORY RELIEF; EQUITABLE SUBROGATION; JUDICIAL FORECLOSURE OF DEEDS OF
RUST; AND JUDICIAL FORECLOSURE OF EQUITABLE LIEN

1    Plaintiff Mortgage Electronic Registration System, Inc. as nominee for GMAC
2 Mortgage, LLC formerly known as GMAC Mortgage Corporation ("GMAC") hereby alleges
3 as follows:

## GENERAL ALLEGATIONS

1. The subject of this action is that certain real property commonly known as 706-708 15th Avenue, San Francisco, California and legally described in Exhibit 1 attached hereto and incorporated herein by reference (the "Property").

2. Plaintiff GMAC is a limited liability company doing business as mortgage lender in San Francisco, California.

3. Plaintiff is informed and believes that defendants Stacey Reineccius and Elaine Diane Stathakis (collectively "Reineccius") are husband and wife and at times herein relevant were the owners of the Property.

4. Plaintiff is informed and believes that defendant Employment Development Department - State of California, claims a State Tax Lien in the amount of $219,920.19 recorded against the Property on March 14, 2006 as Document No. 2006-I142539-00 in the San Francisco County Official Records in the form attached hereto as Exhibit 2 ("State Tax Lien").

5. Plaintiff is informed and believes that defendant Department of the Treasury - Internal Revenue Service claims a Federal Tax Lien in the amount of $1,025,455.24 recorded against the Property on March 22, 2006 as Document No. 2006-I146778-00 in the San Francisco County Official Records in the form attached hereto as Exhibit 3 ("Federal Tax Lien").

6. Plaintiff is not aware of the true names and capacities of those defendants named herein as Does 1 through 50, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff is informed and believes and upon that basis alleges that the fictitiously named defendants 1 through 50, and each of them, either claim some right, title, estate, lien, or interest in the Property adverse to the claims of Plaintiff, which constitute a

- 1 -

DECLARATORY RELIEF; EQUITABLE SUBROGATION; JUDICIAL FORECLOSURE OF DEEDS OF RUST; AND JUDICIAL FORECLOSURE OF EQUITABLE LIEN

1 cloud on Plaintiff's title, estate and/or lien or said defendants are legally responsible for the
2 matters herein alleged. Plaintiff shall seek leave of court to amend this complaint to include
3 the true names and capacities of such fictitious defendants when the same are ascertained.

4     7.     Plaintiff is informed and believes and upon that basis alleges that the
5 defendants, and each of them, at all times herein mentioned, acted as the agents, servants,
6 employees, legal representatives, and/or co-conspirators of the defendants, and each of them,
7 and that all of such defendants acted in concert and participated and furthered the wrongs
8 herein set forth, and with the knowledge, permission, consent, notification, and adoption of the
9 defendants, and each of them.

10     8.     On or about March 31, 2006, defendants Reineccius borrowed $1,000,000 from
11 plaintiff's predecessor, GreenPoint Mortgage Funding evidenced by an Adjustable Rate Note
12 and secured by a first deed of trust against the Property recorded on March 31, 2006, as
13 Document No. 2006-I153098-00 in the San Francisco County Official Records (the "First
14 Deed of Trust"); and borrowed $273,000 from plaintiff's predecessor, GreenPoint Mortgage
15 Funding, evidenced by Home Equity Line of Credit and Promissory Note secured by a second
16 deed of trust against the Property recorded on March 31, 2006, as Document No. 2006-
17 I153099-00 in the San Francisco County Official Records (the "Second Deed of Trust")
18 (collectively the "Subject Loans"). Plaintiff is informed and believes that its predecessor
19 GreenPoint Mortgage Funding did not have actual notice of the State Tax Lien or the Federal
20 Tax Lien prior to making the Subject Loans. Plaintiff did not have actual notice of the State
21 Tax Lien or the Federal Tax Lien prior to acquiring the Subject Loans.

22     9.     Plaintiff is informed and believes that prior to the Subject Loans, the entirety of
23 the Property was encumbered by, among other things, the following: a first deed of trust in the
24 principal amount of $1,000,000 in favor of Long Beach Mortgage Company, recorded on June
25 30, 2005 as Document No. 2005-H982338-00, in the San Francisco County Official Records
26 ("Long Beach Loan"); an Abstract of Judgment in the principal amount of $5,933.07 in favor
27 of Fund Recovery Services, Inc. recorded on July 15, 2002 as Document No. 2002-H201620-
28

- 2 -

DECLARATORY RELIEF; EQUITABLE SUBROGATION; JUDICIAL FORECLOSURE OF DEEDS OF
RUST; AND JUDICIAL FORECLOSURE OF EQUITABLE LIEN

00 in the San Francisco County Official Records ("Fund Recovery Abstract"); City and County of San Francisco, Department of Public Works liens recorded on August 15, 2005, December 15, 2005 and January 18, 2006 as Document Nos. I036864-00, I091700-00 and I114329-00 in the San Francisco County Official Records (collectively "DPW Liens"); and real property taxes. Plaintiff is informed and believes that all of the above-described liens and encumbrances were recorded prior to and senior in priority to the State Tax Lien and Federal Tax Lien (collectively the "Prior Recorded Liens").

10. Plaintiff is informed and believes that on or about March 31, 2006, $1,058,197.12 of the proceeds of the Subject Loans were used to payoff the above-described Prior Recorded Liens as follows: $1,039,787.66 to payoff the Long Beach Loan; $10,622.53 to payoff the Fund Recovery Abstract; $353.84 to payoff the DPW liens; and $7,433.09 to payoff real property taxes. Plaintiff is further informed and believes that the Property was subject to defendant Elaine Diane Stathakis' ownership interest.

11. Plaintiff does not intend to waive its lien or violate the one action rule set forth in Code of Civil Procedure Section 726 by seeking the relief herein, and Plaintiff does not intend to waive its right to exercise the power of sale contained in the First Deed of Trust or Second Deed of Trust to non-judicially foreclose against the Subject Property.

**FIRST CAUSE OF ACTION**
[Declaratory Relief]
(Against All Defendants)

12. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 11 above, as though each such allegation were set forth herein in full.

13. An actual controversy has arisen and now exists between Plaintiff and defendants as to their respective rights and duties with respect to the Property and the amount, liability, enforceability and respective priorities of the First Deed of Trust, Second Deed of Trust, State Tax Lien and Federal Tax Lien. Plaintiff contends that the First Deed of Trust and Second Deed of Trust are valid and enforceable first and second liens against the Property and senior in priority, in whole or part, to the State Tax Lien and Federal Tax Lien and Plaintiff is

- 3 -
DECLARATORY RELIEF; EQUITABLE SUBROGATION; JUDICIAL FORECLOSURE OF DEEDS OF RUST; AND JUDICIAL FORECLOSURE OF EQUITABLE LIEN

1  informed and believes that defendants dispute this contention.

2  14.  Plaintiff now desires a judicial determination of the respective rights and duties of Plaintiff and defendants with respect to the First Deed of Trust, Second Deed of Trust, State Tax Lien and Federal Tax Lien.

15.  A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights, duties and interests with respect to the Property. Further, such a declaration is necessary in order that the parties may avoid a multiplicity of judicial proceedings.

## SECOND CAUSE OF ACTION
### [Equitable Subrogation]
### (Against All Defendants)

16.  Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 15 above, as though each such allegation were set forth herein in full.

17.  Plaintiff is informed and believes that prior to the recordation of the State Tax Lien, Federal Tax Lien and the Subject Loans, the Property was subject to defendant Elaine Diane Stathakis' ownership interest and was encumbered by the Prior Recorded Liens. At the time the proceeds of the Subject Loans were used to pay off defendant Elaine Diane Stathakis and the Prior Recorded Liens, Plaintiff was not primarily liable for the debts, caused the debts to be fully satisfied, and did not pay the debts as a volunteer.

18.  In the event it is determined that the First Deed of Trust or Second Deed of Trust are not senior in priority to the State Tax Lien and the Federal Tax Lien, in whole or part, which Plaintiff denies, Plaintiff is entitled to a judgment enforcing its right to be equitably subrogated to defendant Elaine Diane Stathakis' interest and the Prior Recorded Liens, which were satisfied with the proceeds of the Subject Loans, including, without limitation, the Long Beach Loan, Fund Recovery Abstract, DPW liens and real property taxes. A judgment enforcing the subrogation rights of Plaintiff would not work any injustice to the rights of defendants, and each of them, because at the time the above-described debts were paid, any right, title or interest defendants had in the Property were subordinate to the Prior Recorded

- 4 -

1 Liens, and defendants were aware of the existence of said liens, encumbrances and obligations,
2 and took any interest they have in the Property subject to said claims.

3   19.   As a proximate result of the foregoing and only in the event that it is determined
4 that the First Deed of Trust and Second Deed of Trust are not senior to the State Tax Lien and
5 Federal Tax Lien, in whole or part, which Plaintiff denies, Plaintiff seeks an equitable lien
6 against the senior in priority to the State Tax Lien and Federal Tax Lien in an amount of not
7 less than $1,249,663.60 plus interest, representing the payments made by Plaintiff's
8 predecessor to cause defendant Elaine Diane Stathakis' interest and the Prior Recorded Liens
9 against the Property to be satisfied and released, including the Long Beach Loan, Fund
10 Recovery Abstract, DPW liens and real property taxes.

## THIRD CAUSE OF ACTION
### [Judicial Foreclosure of the First and Second Deeds of Trust]
### (Against All Defendants)

14   20.   Plaintiff hereby incorporates by reference each and every allegation contained in
15 Paragraphs 1 through 19 above, as though each such allegation were set forth herein in full.

16   21.   The Notes secured by the First Deed of Trust and the Second Deed of Trust
17 provides that if the borrower is in default, the note holder may send the borrower a written
18 notice telling the borrower that if the borrower does not pay the overdue amount by a certain
19 date, the note holder may require the borrower to pay immediately the full amount of principal
20 that has not been paid and all the interest that the borrower owes on that amount.

21   22.   The loans secured by the First Deed of Trust and the Second Deed of Trust are
22 now in default. Plaintiff has commenced non-judicial foreclosure proceedings and has elected
23 to declare the entire remaining sum of principal and interest immediately due and payable.

24   23.   Plaintiff may hereafter be required to expend additional sums to protect its
25 security in the Property. In the Notes secured by the First Deed of Trust and Second Deed of
26 Trust, the borrower agreed to pay any such sums expended by Plaintiff, including reasonable
27 attorneys' fees. Plaintiff will amend this complaint to allege the nature and amounts of such

DECLARATORY RELIEF; EQUITABLE SUBROGATION; JUDICIAL FORECLOSURE OF DEEDS OF
RUST; AND JUDICIAL FORECLOSURE OF EQUITABLE LIEN

1  sums if plaintiff is required to make the additional expenditures.

2  24.  Based on the default alleged herein, Plaintiff seeks an order for judicial
3  foreclosure of the Property under the First Deed of Trust and Second Deed of Trust.

**FOURTH CAUSE OF ACTION**
**[Judicial Foreclosure of the Equitable Lien]**
**(Against All Defendants)**

6  25.  Plaintiff hereby incorporates by reference each and every allegation contained in
7  Paragraphs 1 through 24 above, as though each such allegation were set forth in full.

8  26.  In the event it is determined that the First Deed of Trust or Second Deed of
9  Trust are not senior in lien priority to the State Tax Lien or the Federal Tax Lien, in whole or
10  part, which Plaintiff denies, and in the event that it is determined that Plaintiff has an equitable
11  lien against the Property representing the payments made by Plaintiff to cause defendant Elaine
12  Diane Stathakis' interest and the Prior Recorded Liens against the Property to be satisfied and
13  released, including, without limitation, the Long Beach Loan, Fund Recovery Abstract, DPW
14  liens and real property taxes, defendants have defaulted under the equitable lien on, among
15  other obligations, the payment obligations. For such failure and default, plaintiff has elected to
16  declare the entire remaining sum of principal and interest immediately due and payable.

17  27.  Plaintiff may hereafter be required to expend additional sums to protect its
18  security in the Property. Defendant Stacey Reineccius agreed to pay any such sums expended
19  by Plaintiff, including reasonable attorneys' fees. Plaintiff will amend this complaint to allege
20  the nature and amounts of such sums if plaintiff is required to make the additional
21  expenditures.

22  28.  Based on the default alleged herein, and only in the event it is determined that
23  the First Deed of Trust and Second Deed of Trust are not senior in priority to the State Tax
24  Lien and Federal Tax Lien, in whole or part, which Plaintiff denies, Plaintiff seeks an order for
25  judicial foreclosure of its equitable lien against the Property.

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as set forth below.

1. For declaratory relief;
2. For equitable subrogation;
3. For judicial foreclosure;
4. For costs of suit herein incurred;
5. For reasonable attorneys' fees; and
6. For such further relief as this Court shall deem just and proper.

Dated: May \_\_, 2007

STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP

By: _____
Jeffrey H. Lowenthal
Edward Egan Smith
Attorneys for Plaintiff Mortgage
Electronic Registration System, Inc. as
nominee for GMAC Mortgage, LLC
formerly known as GMAC Mortgage
Corporation

DECLARATORY RELIEF; EQUITABLE SUBROGATION; JUDICIAL FORECLOSURE OF DEEDS OF RUST; AND JUDICIAL FORECLOSURE OF EQUITABLE LIEN

Order Number: 3805-2714027
Page Number: 6

## LEGAL DESCRIPTION

Real property in the City of San Francisco, County of San Francisco, State of California, described as follows:

BEGINNING AT A POINT ON THE EASTERLY LINE OF 15TH AVENUE, DISTANT THEREON 25 FEET SOUTHERLY FROM THE SOUTHERLY LINE OF CABRILLO STREET; RUNNING THENCE SOUTHERLY ALONG SAID LINE OF 15TH AVENUE 25 FEET; THENCE AT A RIGHT ANGLE EASTERLY 100 FEET; THENCE AT A RIGHT ANGLE NORTHERLY 25 FEET; THENCE AT A RIGHT ANGLE WESTERLY 100 FEET TO THE POINT OF BEGINNING.

BEING A PORTION OF OUTSIDE LAND BLOCK NO. 394.

APN: LOT: 034, BLOCK: 1657

*First American Title*

# EXHIBIT 1

| Recording Requested By<br>State of California<br>Employment Development Department<br>(866) 564-4228 | <br>San Francisco Assessor-Recorder<br>Phil Ting, Assessor-Recorder<br>DOC- 2006-I142539-00<br>Acct 18-(EDD) Employment Development Dept.<br>Tuesday, MAR 14, 2006 10:46:04<br>Ttl Pd   $0.00         Nbr-0002957672<br>REEL J096 IMAGE 0474<br>oar/RB/1-1 |
|---|---|
| When recorded mail to:<br>STATE OF CALIFORNIA<br>EMPLOYMENT DEVELOPMENT DEPARTMENT<br>LIEN GROUP, MIC 92G<br>P.O. BOX 826880<br>SACRAMENTO, CALIFORNIA 94280-0001 | N/C |

## NOTICE OF STATE TAX LIEN
(Filed pursuant to Section 7171 of the Government Code)

STACEY REINECCIUS, INDIVIDUALLY AND/OR AS
PRESIDENT OF, QT INCORPORATED
708 5TH AVENUE.
SAN FRANCISCO, CA. 94118

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

SAN FRANCISCO

Account No: 412-3232-3     Certificate No. M 378102

| TAX PERIOD | DATE LIEN AROSE | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|---|
| 10/1/2001 to 12/31/2002 | 4/10/2004 | $146,597.71 | $33,814.84 | $39,507.64 | $219,920.19 |
| Interest calculated through 3/26/2006 | | | | TOTAL | $219,920.19 |

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts due and required to be paid as determined under the provisions of the Unemployment Insurance Code, the Revenue and Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING TO THE ABOVE NAMED.

Date. 2/27/2006     T836J
At Sacramento, California



The Director of the Employment Development Department has complied with all provisions of the Unemployment Insurance Code in the computation and levy of the amount assessed and has caused this notice of lien to be issued by a duly authorized representative.

By  _S Johnsen_
        Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

DE 2181 Rev 11(12-04) State of California/Employment Development Department

# EXHIBIT 2

Recording Requested By Internal Revenue Service. When recorded mail to:

INTERNAL REVENUE SERVICE
PO BOX 145585 STOP 8420G
CINCINNATI, OH 45250-5585

San Francisco Assessor-Recorder
Phil Ting, Assessor-Recorder
DOC- 2006-I146778-00
Acct 34-(IRS) Internal Revenue Service
Wednesday, MAR 22, 2006 09:23:56
Ttl Pd $7.00        Nbr-0002552505
REEL J102 IMAGE 0184
ota/TD/1-1

For Optional Use by Recording Office

| Form 668 (Y)(c) (Rev. February 2004) | 1872 Department of the Treasury - Internal Revenue Service **Notice of Federal Tax Lien** | |
|---|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED AREA #7 Lien Unit Phone: (800) 913-6050 | Serial Number 277008406 | |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer  S REINECCIUS

Residence  708 15TH AVE
SAN FRANCISCO, CA 94118

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 6672 | 03/31/2001 | XXX-XX-6915 | 11/22/2005 | 12/22/2015 | 183299.53 |
| 6672 | 06/30/2001 | XXX-XX-6915 | 11/22/2005 | 12/22/2015 | 149932.97 |
| 6672 | 09/30/2001 | XXX-XX-6915 | 11/22/2005 | 12/22/2015 | 138498.03 |
| 6672 | 12/31/2001 | XXX-XX-6915 | 11/22/2005 | 12/22/2015 | 124840.73 |
| 6672 | 03/31/2002 | XXX-XX-6915 | 11/22/2005 | 12/22/2015 | 81744.76 |
| 6672 | 06/30/2002 | XXX-XX-6915 | 11/22/2005 | 12/22/2015 | 96810.04 |
| 6672 | 09/30/2002 | XXX-XX-6915 | 11/22/2005 | 12/22/2015 | 75524.00 |
| 6672 | 12/31/2002 | XXX-XX-6915 | 11/22/2005 | 12/22/2015 | 61358.42 |
| 6672 | 03/31/2003 | XXX-XX-6915 | 11/22/2005 | 12/22/2015 | 40044.50 |
| 6672 | 06/30/2003 | XXX-XX-6915 | 06/06/2005 | 07/06/2015 | 49064.45 |
| 6672 | 09/30/2003 | XXX-XX-6915 | 06/06/2005 | 07/06/2015 | 21391.16 |
| 6672 | 12/31/2003 | XXX-XX-6915 | 06/06/2005 | 07/06/2015 | 2946.65 |

Place of Filing    COUNTY RECORDER
SAN FRANCISCO, CA 94102

Total  $  1025455.24

This notice was prepared and signed at  LOS ANGELES, CA , on this, the  01st  day of  March , 2006.

Signature  R. A. Mitchell
for JOHN BORCHELT

Title  REVENUE OFFICER
(415) 522-4625

27-12-1804

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

EXHIBIT 3

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60026X

CASE NUMBER: CGC-07-463335  MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

    **DATE:** OCT-12-2007

    **TIME:** 9:00AM

    **PLACE:** Department 212
              400 McAllister Street
              San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# Alternative Dispute Resolution (ADR) Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 201.9(c))

Superior Court of California
County of San Francisco

ADR-1  1/06  (bc)                                                           Page 1

## CERTIFICATE OF SERVICE

I, <u>STEFANIA M. CHIN</u> declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers. The undersigned further certifies that I caused a copy of the following:

**NOTICE FOR FILING A PETITION FOR REMOVAL**

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X___  **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____  **PERSONAL SERVICE (BY MESSENGER)**

_____  **FACSIMILE (FAX)** No.: _____

to the parties addressed as follows:

to the parties addressed as follows:

| | |
|---|---|
| JEFFREY H. LOWENTHAL<br>SIMON R. GOODFELLOW<br>STEYER LOWENTHAL BOODROOKAS<br>ALVAREZ & SMITH LLP<br>One California Street, Third Floor<br>San Francisco, CA 94111<br>for Mortgage Electronic | MARGUERITE C. STRICKLIN,<br>DEPUTY ATTORNEY GENERAL<br>BILL LOCKYER ATTORNEY GENERAL<br>STATE OF CA<br>1515 Clay Street, 20TH Floor<br>Oakland, CA 94612<br>for EDD |

PAUL F. UTRECHT
ZACKS UTRECHT & LEADBETTER, PC
235 Montgomery Street, Ste. 400
San Francisco, CA 94104
for Reineccius

I declare under penalty of perjury under the laws of the United States that the foregoing is

NOTICE FOR FILING A PETITION OF REMOVAL
MORTAGE ELECTRONIC REGISTRATION SYSTEM, INC. v. STACEY REINECCIUS, ET AL.
CASE NO. CGC 07-463335

1 | true and correct.

2 | Executed on **August 22, 2007** at San Francisco, California.

*Stefania* [signature]
STEFANIA M. CHIN
Legal Assistant

NOTICE FOR FILING A PETITION OF REMOVAL
MORTAGE ELECTRONIC REGISTRATION SYSTEM, INC. v. STACEY REINECCIUS, ET AL.
CASE NO. CGC 07-463335