

**U.S. Department of Justice**

*United States Attorney*

*Northern District of California*

*Tax Division*

9th Floor, Federal Building　　　　　　　　　　　　　　　(415) 436-7000

---

JPR:TGM:kpt

*Thomas Moore, Chief*　　　　　450 Golden Gate Avenue, Box 36055　　　FAX:(415) 436-6748
*David L. Denier*　　　　　　　　San Francisco, California  94102
*Cynthia Stier*
*Thomas Newman*

March 14, 2008

Honorable Wayne Brazil
United States Magistrate Judge
United States District Court
1301 Clay Street, 3rd Floor
Oakland, CA 94612-5212

　　　　　Re:　Mortgage Electronic Registration System, Inc. v. Stacey Reineccius, et al.
　　　　　　　　Case No. C-07-4290-MHP　　(USDC ND California)

Dear Judge Brazil:

　　　　We are currently scheduled for a settlement conference with you on March 25, 2008, at 2:00.  The United States is a party to this action by virtue of federal tax liens that attached to real property prior to Plaintiff's deeds of trust.  These tax liens, along with state tax liens, were overlooked when the Plaintiff loaned approximately $1,273,000 to Stacey Reineccius, secured by first and second deeds of trust on the property.  Plaintiff now seeks a judicial declaration that its deeds of trust have priority over the tax liens by virtue of the doctrine of equitable subordination.

　　　　I am requesting that the person with final settlement authority on behalf of the United States  be available for consultation by telephone in connection with the March 25, 2008 Settlement Conference in the above-captioned case.  As the AUSA assigned to this case, I have primary responsibility and will appear in person at the Settlement Conference.

　　　　The following bases are offered in support of the relief requested.

　　　　1.　Before attending the settlement conference, the undersigned will have discussed this matter with his Section Chief, the person with full settlement authority, and will be prepared to engage in good-faith negotiations based on those discussions.  The undersigned's Section Chief will be available to consult with him by cell phone during the conference.  The Tax Division has used this method for some time, and the Tax Division is not aware of any instance in which a trial attorney was not able to engage in energetic and frank settlement negotiations.

　　　　2.　The authority to conduct and settle litigation involving the federal Government is precisely delineated.  Except as otherwise provided by law, authority to conduct all litigation in the courts of the United States in which the United States, an agency, or officer is a party is reserved to the Department of Justice under the direction and supervision of the Attorney General.  28 U.S.C. §§ 516, 519.  Because the Attorney General's authority in such matters is "plenary," *Marshall v. Gibson's Products, Inc.*, 584 F.2d 668, 676 n.11 (5th Cir. 1978), the Attorney General may make "such provisions as he considers appropriate" to authorize the performance of his functions by "any other officer [or] employee" of the Department.  28 U.S.C.

2

§ 510. By the same token, 28 U.S.C. § 517 authorizes the Attorney General to send "the Solicitor General or any officer of the Department of Justice … to attend to the interests of the United States in a suit pending in the courts of the United States," and 28 U.S.C. § 518 provides that "[w]hen the Attorney General considers it in the interests of the United States, he may personally conduct and argue any case in a court of the United States in which the United States is interested, or he may direct the Solicitor General or any officer of the Department of Justice to do so."

   3.   By statute, settlement authority is conferred solely upon the Attorney General "or his delegate" in all cases arising under the Internal Revenue Code that have been referred to the Department of Justice for prosecution or defense. 26 U.S.C. § 7122(a). By regulation, the Attorney General has delegated the full extent of his settlement authority to the Deputy Attorney General. 28 C.F.R. § 0.161(b). The Attorney General has further delegated to the Associate Attorney General the authority to perform the functions of the Deputy Attorney General under 28 C.F.R. § 0.161, for all cases and matters arising out of the Antitrust, Civil, Civil Rights, Environment and Natural Resources, and Tax Divisions. *See* Order of the Attorney General No. 1627-92, dated October 19, 1992.

   4.   In addition to the foregoing delegations of authority, the Attorney General also has delegated limited settlement authority to the Assistant Attorney General in charge of each division. Under certain limited circumstances, the Assistant Attorney General of the Tax Division can redelegate her settlement authority to subordinate officials within the Tax Division. 28 C.F.R. § 0.168(a). In the case of suits to reduce assessments to judgment, the Chiefs of the Division's several Civil Trial Sections are authorized to accept offers in compromise in which the amount of the Government's concession, exclusive of statutory interest, does not exceed $300,000. See Tax Division Directive No. 105, 60 Fed. Reg. 31244-46 (June 14, 1995).[1]

   5.   It would be prohibitively expensive and time-consuming for the Chief of the Civil Trial Section, Western Region, routinely to appear for settlement conferences in each of the cases he supervises while continuing to execute the other duties assigned to him by the Assistant Attorney General. The Section Chief has responsibility for an office of over thirty-five persons, including one Assistant Chief, twenty-four Trial Attorneys, and four Paralegal Assistants. The Civil Trial Section, Western Region currently handles over 1,350 pending cases in courts located in Washington, Oregon, California, Arizona, Nevada, Utah, Colorado, Idaho, Wyoming, Montana, Alaska, and Hawaii. Accordingly, if the Court's usual procedures for settlement conferences were to be followed, the Department would be compelled to amend its settlement

---

   [1] It is not possible for the Attorney General to routinely delegate settlement authority to trial attorneys. The authority of the Assistant Attorneys General to redelegate the settlement authority conferred upon them is prescribed by 28 C.F.R. § 0.168. Assistant Attorneys General may not delegate the authority to accept a settlement when the client agency disagrees with the proposed settlement, and any other redelegation requires the approval of the Deputy Attorney General in writing before it is effective. In addition, Tax Division Directive No. 105 specifically provides that an attorney of record may not exercise settlement authority.

3

authority regulations or alter the duties assigned to the Section Chief. The Supreme Court, however, has made clear that district courts lack authority to compel the Department of Justice to amend the regulations governing its procedures for handling litigation. *See Touhy v. Ragen*, 340 U.S. 462, 468 (1951) (district court cannot require subordinate Department of Justice employee to produce official document under subpoena when, under Department regulations, the employee lacked authority to do so; regulation centralizing authority to release document in high-level official was valid and binding on the court). Similarly, the foregoing regulations centralizing the approval authority for certain types of settlements are valid and binding on the Court in the present case.

6. Requiring the attendance of the Section Chief at the upcoming settlement conference also would contravene the spirit of Federal Rule of Civil Procedure 16. Rule 16, which took effect on December 1, 1993, reaffirmed that federal trial courts must consider the special status of the Government when conducting pre-trial conferences, including settlement conferences. The Rule states that, "[i]f appropriate, the court may require that a party or its representative be present or reasonably available by telephone in order to consider possible settlement of the dispute." FED. R. CIV. P. 16(c). The drafting committee notes on this revision further state as follows:

> The sentence refers to participation by a party or its representative. Whether this would be the individual party, an officer of a corporate party, a representative from an insurance carrier, or someone else would depend on the circumstances. Particularly in litigation in which **governmental agencies** or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and **the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility**. The selection of the appropriate representative should ordinarily be left to the party and its counsel.

FED. R. CIV. P. 16, advisory committee note (1993 amendments) (emphasis added). This committee note makes clear that the committee and the Supreme Court are fully aware of the unique role of the federal government in litigation and the constitutional and practical problems that would ensue if the Government were subject to the same settlement authority requirements as a private party.

7. A routine requirement to have a Government representative with full settlement authority attend settlement conferences would also be inconsistent with the Judicial Improvements Act of 1990. That Act authorizes the district courts to adopt "civil justice expense and delay reduction plans," which may include a requirement that "representatives of the parties with authority to bind them in settlement discussions" be "present or available by telephone" during any settlement conference. 28 U.S.C. § 473(b)(5). However, the Act further provides that

4

"[n]othing in [such] plan relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States, **or any delegation of the Attorney General**." 28 U.S.C. § 473(c) (emphasis added). The Senate Report on the Act, moreover, amply demonstrates Congress' belief that the federal Government is in a different position than private parties or corporations with respect to settlement authority. In this regard, the Committee stated that "those district courts that choose to adopt [the settlement authority requirement] should account for the unique situation of the Department of Justice. The Department does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in Washington." S. REP. NO. 416, 101st Cong., 2d Sess. 58, *reprinted in* 1990 U.S. Code Cong. & Adm. News 6802, 6848.

8.  The present case evinces the difference between the federal Government and private litigants. The Attorney General of the United States has the responsibility to represent the United States in judicial proceedings. 28 U.S.C. § 519. He conducts this responsibility under statutes which give him authority to make "such provisions as he considers appropriate" to authorize performance of this function by other officers and employees of the Department of Justice. 28 U.S.C. § 510. He has the responsibility to direct other officers of the Department in their conduct of litigation on behalf of the United States. 28 U.S.C. §§ 516, 515(a), 517. It would raise grave questions of separation of powers for the judiciary to tell the Attorney General what types of authority he must delegate to whom and who must represent the Government at any particular proceeding.

9.  The conclusion that requiring the Section Chief to attend the settlement conference would be beyond the Court's authority finds support in the decision of the Fifth Circuit in *In re M.P.W. Stone*, 986 F.2d 898, 903 (5th Cir. 1993). In *Stone,* the Fifth Circuit concluded that, subject to the abuse of discretion standard, district courts have the power to order all parties, including the Government, to have a representative with full settlement authority present, or at least reasonably and promptly accessible, at a pretrial conference. The United States believes that this decision is incorrect because it would allow the district courts to require the Attorney General to abandon or modify valid regulations. Even under the standard established in *Stone*, however, in this case personal attendance of the Section Chief would not be warranted.

10. In *Stone*, the Fifth Circuit recognized that the power to require the United States to appear at a settlement conference was not without limitation, and that Congress can restrict the power, or restrict the discretion to exercise it, as long as the restriction does not "abrogate or render the power inoperative." *Stone*, 986 F.2d at 902 (citing *Michaelson v. United States*, 266 U.S. 42, 65-66 (1924)); *cf. Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943 (9th Cir. 1976).[2/] In

---

2  *Van Bronkhorst* did not involve the Attorney General's statutory authority to control representation of the United States in litigation under 28 U.S.C. §§ 510, 515-519, but did involve a situation in which the requirement that senior officials appear at settlement conferences was upheld in

5

this situation, special consideration must be given to the Department of Justice's settlement regulations, as they have been devised to execute duties imposed by statute on the Attorney General. *Stone*, 986 F.2d at 903-04. The Fifth Circuit concluded that the settlement regulations, which confine settlement authority to a few officials with many other duties, were justified by reasonable policies, and further concluded that these regulations imposed "insignificant interference with the operation of the courts …." *Id.* at 904. Accordingly, the Fifth Circuit held that the district court had abused its discretion by issuing routine orders that the Government be represented by an individual with full settlement authority at pretrial conferences. *Id.* at 905.

11. The United States also emphasizes that, in the present case, there is no suggestion that the Department has in any way thwarted negotiations aimed at settlement. The United States anticipates that good-faith settlement negotiations under the Department's normal procedures will be had. There is no basis at this stage of the proceedings to require that a Department of Justice official with full settlement authority appear at a settlement conference. *See id.* (a district court may compel the attendance of an official with full settlement authority only as a "last resort," after the failure of the Government to engage in settlement negotiations has become a "serious, persistent problem, substantially hampering the operations of the docket" and after other less drastic measures have been taken). As stated by the Senate Report in the legislative history of the Judicial Improvements Act of 1990, "[c]learly, the Department cannot realistically send officials with full settlement authority to **each** settlement conference." S. REP. No. 416, 101st Cong., 2d Sess. 58, *reprinted in* 1990 U.S. Code Cong. & Adm. News 6802, 6848 (emphasis added). Accordingly, even if the Court rejects the United States' argument that the Court lacks authority to compel the attendance or participation of the government official with "full settlement authority" in the present case, the United States respectfully suggests that such compelled attendance or participation is inappropriate at this time.

12. **D.C. Colo. L. CivR 7.1(C) Certification**. In accordance with D.C. Colo. L. CivR 7.1(C), the undersigned has conferred with counsel for the Radneys, Countrywide, and the Colorado Department of Labor, respectively, regarding the relief proposed in the instant motion. Respective counsel indicated that they have no objections to the relief sought herein.

---

light of extraordinary circumstances where efforts to settle a case had been thwarted by government inaction. Specifically, *Van Bronkhorst* involved a nationwide class action against a major employer, in which a proposed consent decree already had been negotiated by all the private parties and agreed to by EEOC staff lawyers who had sought, but been unable to obtain, upper-level approval. The District Court had cleared three months of its calendar for the trial, which would be unnecessary if the consent decree were adopted. As the time for trial approached, the District Court required a final decision by the EEOC. In that situation, the District Court's order requiring the EEOC's general counsel to appear personally did not potentially subject the general counsel to the physically impossible task of personally appearing at or participating in conferences in thousands of other cases, thus forcing a general delegation to subordinates in violation of a valid statute and regulations. *Van Bronkhorst* thus involved a situation of "last resort" that the Fifth Circuit in *Stone*, 898 F.2d at 905, held could justify the compelled appearance of persons with "full settlement authority." The present case is not, in any manner, factually analogous to the "last resort" scenario presented in *Van Bronkhorst.*

6

      For the reasons set forth above, the government is respectfully requesting your permission to allow the undersigned AUSA to represent the United States at the upcoming settlement conference. The undersigned has primary responsibility for handling this case and is, accordingly, the Department official most familiar with the factual and legal issues relevant to the settlement conference. Pursuant to 28 U.S.C. §§ 515 through 519, the trial attorney is authorized to represent the United States in this lawsuit, and may negotiate settlement offers that the trial attorney is willing to recommend to the Department of Justice official with final settlement authority. As stated above, the undersigned will discuss this case with his Section Chief prior to the conference and will be prepared to engage in good-faith negotiations. Moreover, the Section Chief will be available by telephone throughout the conference. If the Court determines that the undersigned's Section Chief must attend the settlement conference, the United States respectfully requests that the Court notify the parties of that decision as soon as possible, so that the United States may timely consider what action may be appropriate prior to the settlement conference.

      Very truly yours,

      JOSEPH P. RUSSONIELLO
      United States Attorney

      /s/ Cynthia Stier
      CYNTHIA STIER
      Assistant United States Attorney
      Tax Division
      Telephone: 436-7000

      Attorney for the United States of America